UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HAROLD J. MITCHELL, JR** | **CIVIL ACTION** |
| **VERSUS** | **NO:      17-17872** |
| **ORLEANS JUSTICE CENTER, ET AL** | **SECTION: "A" (4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and (2). Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.      Factual Summary**

The Plaintiff, Harold J. Mitchell, Jr. ("Mitchell"), is an inmate at the Orleans Justice Center in New Orleans, Louisiana. Mitchell filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Orleans Parish Sheriff Marlin Gusman ("Gusman"), the Orleans Justice Center ("OJC"), and Blake Arcuri ("Arcuri"), an attorney for the Sheriff.

Mitchell alleges that the Orleans Justice Centers' legal aid department is denying him legal assistance pertaining to his current criminal case. As a result, he filed a grievance and was subsequently told that because he has an attorney of record for his criminal case the legal aid department would not send him the cases he requested. R. Doc. 1, p. 5. The grievance response indicates that Mitchell was advised to obtain legal assistance and the cases from his lawyer who represents him in the criminal case. Rec. Doc. 1-1.

Mitchell alleges that the day he submitted a grievance, the attorney or in-house counsel for the Sheriff, Arcuri, went to Mitchell's cell to speak with him. Mitchell states that Arcuri advised

him that the legal aid department would provide Habeas Corpus Writs and 1983 Forms to an inmate, but no longer provide material to inmates with attorneys because inmates were disrespecting "the ladies." According to Mitchell, Arcuri advised him that his grievance did not matter because the jail did not have to provide inmates with legal help. Rec. Doc. 1, p. 5.

As a result, Mitchell seeks: (1) to have the legal aid department provide a Louisiana Code of Criminal Procedure, Louisiana Civil Code, statutory books, and a Black's Law Dictionary for each pod; (2) copies of case citations, motions, and information regarding an inmates pending charge; (3) a notary when needed; and (4) no retaliation by the staff of the department. Rec. Doc. 1, p. 6. Mitchell also seeks to have OJC pay his $400.00 filing fee. *Id.*

## II.     Standard of Review for Frivolousness

Pursuant to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28.

Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

**III.     Analysis**

    **A.     Claims Against Gusman**

Mitchell's suit against Gusman must be dismissed as frivolous and for failure to state a claim upon which relief can be granted because: (1) Gusman cannot be held liable for his employee's actions; and (2) Mitchell has failed to allege any valid claim against Gusman within his complaint.

It is well established that the theory of *respondeat superior* is not cognizable under a 42 U.S.C. § 1983 cause of action. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (citing *Alton v. Texas A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999) (holding that "only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under § 1983")).

To attach liability to a prison official under § 1983, the plaintiff must plead that either: (1) the supervisor was personally involved in depriving the plaintiff of a constitutional right, or (2) the supervisor implemented a policy or practice that was the moving force behind the plaintiff's alleged constitutional violation. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987); *see also Brown v. Cain*, 546 F. App'x 471, 475 (5th Cir. 2013).

Mitchell's claim against Gusman must be dismissed because, although Mitchell names Gusman as a defendant in this action, Mitchell fails to state a claim against Gusman that would entitle him to relief. It appears that Mitchell named Gusman as a defendant because Gusman is

3

the head of the Orleans Justice Center, and therefore is, according to Mitchell, liable for the acts and omissions of OPP employees.  However, § 1983 does not permit Mitchell to sue Gusman under a theory of *respondeat superior*. Thus Gusman cannot be held liable for the actions of his subordinates.

Moreover, Mitchell does not mention Gusman anywhere within the complaint, fails to allege that Gusman was personally involved in the events giving rise to the complaint, and fails to allege that Gusman instituted a policy that resulted in the alleged constitutional violation. Naming a defendant in a complaint alone is insufficient to establish a constitutional violation against that defendant pursuant to 42 U.S.C. § 1983. Moreover, Mitchell fails to plead the requisite elements necessary to establish liability against Gusman under § 1983. Therefore, Mitchell fails to state a valid claim against Gusman and this suit against Gusman must be dismissed as frivolous and for failure to state a claim upon which relief can be granted.

  **B.** **Claims Against the Orleans Justice Center**

Mitchell has named the Orleans Justice Center as a defendant.  A prison and its administrative departments are not entities that can be sued under § 1983 and the claims against this defendant are frivolous.

To recover under § 1983, a plaintiff must identify both the constitutional violation and the responsible <u>person</u> acting under color of state law.  *See Flagg Bros*., *Inc. v. Brooks*, 436 U.S. 149, 156 (1978); *Polk County v. Dodson,* 454 U.S. 312 (1981).  However, the Orleans Justice Center is not a person for purposes of suit under § 1983.  *See* 42 U.S.C. § 1983 (2006); *see Will v. Mich. Dep't of St. Police*, 491 U.S. 58 (1989).  Under federal law, a county (or parish) prison facility is not a "person" subject to suit.  *Cullen v. DuPage Cty.*, No. 99 C 1296, 1999 WL 1212570, at *1 (N.D. Ill. Dec. 14, 1999); *Whitley v. Westchester Cty. Corr. Facility Admin.*, No. 97 CIV 0420(SS),

1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997); *Powell v. Cook Cty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993); *Hancock v. Washtenaw Cty. Prosecutor's Office*, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982).  There is no law, constitutional, statutory, or otherwise, that defines a parish jail or any unit or department therein to be a person with the capacity to sue or to be sued.  A parish jail is, as this Court has previously described, "not an entity, but a building." *Jones v. St. Tammany Parish*, 4 F. Supp. 2d 606, 613 (E.D. La. May 8, 1998). Therefore, the claim against the Orleans Justice Center should be dismissed.

### C. Claims Against Arcuri

As to Arcuri, Mitchell alleges that as the in-house counsel for the Sheriff, Arcuri refused to provide him with cases to read for his criminal case because he is represented by counsel.  He also complains that Arcuri came to the pod and advised him also that he would provide information on Habeas Corpus Writs and 1983 Forms, but not matters where he is represented by counsel.  According to Mitchell, Arcuri also advised him that they did not have to provide inmates with legal help.

Prisoners have a constitutional right to access the courts.  *See Bounds v. Smith*, 430 U.S. 817, 821 (1977).  Such a right "is founded in the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights."  *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974).  This right is not unlimited and provides only that a prisoner or any person be provided "'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (quoting *Bounds*, 430 U.S. at 825).

According to the Supreme Court, the right to access the courts "rest[s] on the recognition that the right is ancillary to the underlying claim, without which a plaintiff cannot have suffered

5

injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Therefore, a prisoner alleging a *Bounds* violation must demonstrate an actual injury. *Lewis*, 518 U.S. at 351. Because of the actual injury requirement, "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Harbury*, 536 U.S. at 415. In order to demonstrate actual injury, the prisoner must show that the underlying cause of action was "arguable" and "non-frivolous." The prisoner must show that he was prevented from raising a meritorious legal issue. *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998); *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (quoting *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993)). The Supreme Court, however, has not extended the right to encompass more than the ability to prepare and transmit a necessary legal document to a court. *See Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993).

In this case, Mitchell alleges that he sought the opportunity to read certain cases, which was refused by counsel for the Sheriff because Mitchell has counsel representing him in his criminal case. Mitchell does not allege that his ability to defend himself in the criminal case was somehow impeded by Arcuri's denial of his request. Nor does he set forth any facts indicating any injury as a result of the denial of the requests for access to certain cases or books. Based on his allegations, this claim is meritless.

For these reasons, the claims against Arcuri should be dismissed as frivolous and for failure to state a claim for which relief can be granted pursuant to § 1915e and § 1915A.

**IV.   Recommendation**

**IT IS RECOMMENDED** that Mitchell's § 1983 claims against Defendants Orleans Justice Center, Sheriff Marlin Gusman and Blake Arcuri be **DISMISSED WITH PREJUDICE**

6

as frivolous and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915e, § 1915(A), and 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this 26th day of February 2018.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.